```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

```
RALPH DAVID SCOTT,            :
                              :   NO. 1:06-CV-00688
         Plaintiff,           :
                              :
                              :
    v.                        :   OPINION AND ORDER
                              :
                              :
COMMISSIONER OF SOCIAL        :
SECURITY,                     :
                              :
         Defendant.
```

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the decision of Defendant be affirmed and this case be closed (doc. 12). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") due to bipolar disorder, back pain, and hypertension, in January, 2005, which was denied initially and upon reconsideration (Id.). On March 30, 2006, Plaintiff appeared before an Administrative Law Judge ("ALJ") who issued a decision denying Plaintiff's DIB and SSI applications on June 15, 2006 (Id.). Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner (Id.).

Plaintiff filed the instant appeal on October 18, 2006,

claiming the ALJ erred first by not crediting the opinion of Dr. Hagerman, Plaintiff's treating physician, and second, by not finding Plaintiff's impairments met or equaled Listing 1.04(A) (doc. 1).

In the Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded that substantial evidence supported the ALJ's conclusion (doc. 12).  The Magistrate Judge first considered Plaintiff's contention that the ALJ failed to give the proper deference to the opinion of Dr. Hagerman, Plaintiff's treating physician, in determining Plaintiff's residual functional capacity ("RFC") (Id.).  The Magistrate Judge found that there was substantial evidence supporting the ALJ's decision to afford little weight to Dr. Hagerman's opinion (Id.).  Dr. Hagerman both failed to give an opinion on several crucial areas of Plaintiff's functional capacity, and failed to provide information about the frequency of his contacts with Plaintiff (Id.).  Further, the Magistrate Judge found that while Dr. Hagerman's opinions may have been supported by Plaintiff's subjective complaints of pain, the ALJ rightly determined that Plaintiff's subjective complaints were not credible (Id.).  For these reasons, the Magistrate Judge found the ALJ's RFC finding supported by substantial evidence and that the ALJ did not err by failing to give controlling weight to Dr. Hagerman's opinion in assessing Plaintiff's RFC (Id.).

The Magistrate Judge next turned to Plaintiff's argument that the ALJ erred by not finding his impairments met or equaled Listing 1.04(A), which addresses disorders of the spine (Id.). To prove his impairments were equivalent in severity to Listing 1.04(A), Plaintiff bears the burden of presenting "medical findings equal in severity to all the criteria for the one most similar listed impairment." Sullivan v. Zebly, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of the criteria, no matter how severe, does not qualify."). The Magistrate Judge found that Plaintiff failed to present evidence that he meets or equals all of the requirements of Listing 1.04(A), specifically evidence of motor loss accompanied by sensory or reflex loss (Id.).

Ultimately, the Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence and should be affirmed (Id.). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the

ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 12), and thereby AFFIRMS the decision of the Commissioner, and DISMISSES this case from the docket.

SO ORDERED.

Dated: December 3, 2007        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge